

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2008

# USA v. Higgins

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4563

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Higgins" (2008). *2008 Decisions*. Paper 132.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4563

UNITED STATES OF AMERICA

v.

ARTHUR NORRIL HIGGINS,
                                        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 07-cr-00671)
District Judge:  The Honorable Noel L. Hillman

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2008

Before:  BARRY, CHAGARES, <u>Circuit Judges</u>, and RESTANI,<sup>*</sup> <u>Judge</u>

(Opinion Filed:   December 10, 2008 )

OPINION

_____

<sup>*</sup>  Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

BARRY, <u>Circuit Judge</u>

Arthur Norril Higgins appeals the District Court's judgment of sentence. We will affirm.

**I.**

Because we write only for the parties, we set forth only those facts that are relevant to our analysis. Higgins is a citizen of Guyana who legally entered the United States in 1984. On January 12, 1994, he was removed to Guyana after serving the requisite part of a seven-year New York State sentence for two criminal sales of a controlled substance. He re-entered the United States and was convicted in 1997 for the attempted sale of marijuana, again in New York. Higgins was charged with illegal re-entry in violation of 8 U.S.C. § 1326(a), and was convicted and sentenced on June 24, 1999 to 70 months of imprisonment and 3 years of supervised release. On April 26, 2004, he was removed to Guyana a second time.

On May 16, 2007, Higgins was turned over to ICE agents in Camden, New Jersey, having stowed away on a cargo ship that had departed from Guyana. He claims that, motivated by the desire to be with his children in the United States, he hid among the cargo with only a bottle of water and some crackers to sustain him for the two-week journey. After 11 days, he revealed himself to a member of the ship's crew to obtain some water, and was turned over immediately after the ship docked.

Higgins waived indictment and pled guilty to a single-count Information, admitting

2

that he violated 8 U.S.C. §§ 1326(a) and (b)(2). At sentencing on November 29, 2007, he moved for a downward departure under § 5K2.16 for voluntary disclosure of the offense, and argued for a downward variance based on his personal circumstances (inability to find employment in Guyana), manner of attempted return to the United States (desperate stowaway attempt), motivation for re-entry (to see his children), and the excessive nature of sentences produced under§ 2L1.2 of the Guidelines.

The District Court calculated a Guidelines range of 70 to 87 months, based on a total offense level of 21 (which included a three-level downward adjustment for acceptance of responsibility) and a criminal history category of V. The Court rejected Higgins's motion for a § 5K2.16 departure and imposed a sentence of 74 months of imprisonment, rejecting his proposed 48-month sentence. It carefully weighed and discussed all of the factors he invoked in support of a downward variance and ultimately concluded that a sentence of 74 months was necessary because his prior sentence of 70 months for the same offense was not an adequate deterrent and there was a high likelihood that he would have committed a drug offense upon his return to the United States.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We review the District Court's sentence to ensure that the Court "committed no significant procedural error in arriving at its decision." United States v. Wise, 515 F.3d

207, 217 (3d Cir. 2008). If we determine that the Court committed no procedural error, we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard. Id. at 218. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." Id.

### III.

Higgins first argues that the District Court erred when it denied his motion for a downward departure pursuant to § 5K2.16 for voluntarily disclosing his offense to a member of the ship's crew. We lack jurisdiction to review a district court's denial of a downward departure where the denial is pursuant to the court's exercise of discretion, *United States v. Minutoli*, 374 F.3d 236, 239 (3d Cir. 2004), but we may review a denial if it is based on a district court's erroneous belief that it lacked discretion as a matter of law, *United States v. Dominguez*, 296 F.3d 192, 194 (3d Cir. 2002). The District Court stated:

> I'm prepared to rule on this. I'll deny – while I recognize that I have the power to depart under 5K2.16 in this type of case and under these circumstances, I decline to depart because I believe that the facts established in this matter make the departure unavailable as a matter of law, and I rely on the language of the departure itself and cases cited to me by the Government which limit this departure to those who make a disclosure to authorities, motivated by remorse, and to disclose previously undisclosed criminal behavior.

After the Court imposed the 74-month sentence, counsel for the government asked the Court to clarify whether, if the Court had discretion under § 5K2.16, it would have exercised its discretion in favor of Higgins. The Court responded:

4

The sentence I imposed is the one I feel is justified under all the facts and circumstances of the case, and even if the facts had been, a departure was available under that provision, I would have imposed the sentence I did because of the important nature of deterrents [sic], protect the public in light of his drug trafficking activity, in light of his failure to [sic] 70 months as an adequate deterrent the first time around.

Ordinarily, a statement such as that made by the District Court that "I recognize that I have the power to depart" would be "Game, set, and match," because it would indicate that the court understood its authority to depart and exercised its discretion not to do so, issuing the type of denial that we lack jurisdiction to review. *Minutoli*, 374 F.3d at 240. The District Court, however, went somewhat further, suggesting that it lacked the authority to depart as a matter of law based on the facts of the case. Nevertheless, we lack jurisdiction to review the denial here, because the Court thereafter expressly stated that, even if it had the authority to grant the departure, it would not have exercised its discretion to do so.

Higgins next argues the District Court arrived at a substantively unreasonable sentence. The sentence of 74 months is within the Guidelines range, however, and is, therefore, less likely to be unreasonable. *United States v. Cooper*, 437 F.3d 324, 331 (3d Cir. 2006). More importantly, the Court carefully considered all of Higgins's arguments and weighed all of the relevant information in arriving at its decision. As required by 18 U.S.C. § 3553(a), the Court gave due consideration to Higgins's circumstances as a father lacking in resources who was motivated to re-enter the United States primarily to continue his relationship with his children. The Court recognized that, under other

5

circumstances, application of § 2L1.2 of the Guidelines could produce an unreasonably harsh sentence, but ultimately concluded that 74 months was appropriate in light of the fact that this was Higgins's second conviction for illegal re-entry, he was not deterred by a previous 70-month jail term, and his past conduct indicated that he would be likely to commit a drug offense in the United States. This conclusion is well-supported by the record. The Court applied the relevant § 3553(a) factors to the facts of the case, and the sentence it imposed is substantively reasonable.

Finally, Higgins argues that 8 U.S.C. § 1326(b)(2), which increases the maximum sentence for illegal re-entry for aliens previously removed subsequent to conviction for an aggravated felony, is unconstitutional as drafted. Even if Higgins did not waive this claim by his unconditional guilty plea and statements at the plea colloquy, his argument is foreclosed by binding precedent of the Supreme Court and this Court. *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000); *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998); *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005).

## IV.

For the reasons stated above, we will affirm the judgment of sentence.

6